## McKown v. Brewer et al.

*Trembeth & Farr,* for plaintiff.
*Davis R. Hobbs,* for garnishee.

FARR, P. J., June 20, 1942.—This is an attachment execution. The garnishee answered, admitting that it had certain moneys in its hands, proceeds from milk furnished to garnishee by defendant but averring that there were assignments of this fund to various creditors, attaching copies of the same. It also presented a petition praying that a rule be granted upon all interested parties to show cause why it should not be allowed to pay the money into court and have an issue framed in interpleader to determine to whom the money belongs. This rule having been made absolute by agree-

ment, garnishee thereupon presented its petition for costs and counsel fees. We granted another rule upon this and will now discuss the question.

We have arrived at that point where the latter part of subsection (b) of Pa. R. C. P. 2307 applies:

"If the defendant has disclaimed all interest in the action the court in its order shall also discharge him from all liability for any costs accruing after the entry of the order and shall allow him the costs incurred by him in the action, to be paid from such money or property in the first instance and taxed as costs in the action."

It is therefore clear that the garnishee is entitled to its costs, viz, sheriff $6.50, prothonotary $2.50, total $9, to be forthwith paid from the funds. However, it claims also an attorney fee as costs. It may not do so under Rule 2307 (see cases cited by rules committee in connection with said rule). But still it claims attorney fees under the various acts of assembly, relating to attachment executions. The Act of April 22, 1863, P. L. 527, 12 PS §2999, provides:

". . . where, in any attachment, execution, or scire facias on foreign attachment, issued out of any court of record in this state, the garnishee, after issue joined therein, shall be found to have in his possession, or control, no real or personal property of the defendant, nor to owe him any debt, other than such property, or debts, as shall have been already admitted by the plea or answers of the garnishee, or in case, without going to trial, the plaintiff shall take judgment against the garnishee, for what shall be so admitted in his plea or answer, then, and in either such case, the garnishee shall be entitled, in addition to the costs already allowed by law, to a reasonable counsel fee, out of the property in his or their hands, to be determined and taxed, in case of dispute, by the court, or by some person appointed for that purpose."

This does not give garnishee an attorney fee for the reason that no judgment has been taken and it does not

admit owing defendant anything, both of which are prerequisites.

If the garnishee in its answer had admitted that it owed defendant the amount of plaintiff's claim plus costs and attorney fees, and had asked to be allowed to pay that money into court, this would have been the equivalent of a confession of judgment and would have entitled the garnishee to counsel fees under this act: Hicks v. The People's Building, &c., Assn., 12 Dist. R. 619. The purpose of the legislation was to make the garnishee whole for a reasonable counsel fee when plaintiff recovered through him his debt.

The other act upon this subject is that of June 11, 1885, P. L. 107, 12 PS §3000, which is as follows:

". . . where, in any attachment, execution or scire facias on foreign attachment issued out of any court of record in this State, the garnishee shall be found to have in his possession or control no real or personal property of the defendant, nor to owe him any debt, the said garnishee shall be entitled to recover from the plaintiff in addition to the costs already allowed by law, a reasonable counsel fee, not exceeding ten dollars, to be determined by the court, and taxed as part of the costs."

It will readily be seen that the garnishee is not entitled to counsel fees from plaintiff because the garnishee admits that it has a considerable sum of money which is derived from the sale of milk by defendant to the garnishee, and in effect that it does not know whether the assignment of these funds to various creditors is effective in law. This section is for the purpose of preventing vexatious attachments and punishes plaintiff by the visitation of costs and attorney fees upon him for going upon a fishing expedition. The other act is the Act of April 29, 1891, P. L. 35, 12 PS §3001, which is:

". . . where, in any attachment, attachment execution, foreign attachment or scire facias or foreign at-

tachment issued out of any court of record in this state, an appearance by attorney shall be, or shall have been entered by any garnishee or garnishees therein, each said garnishee so appearing shall be entitled to recover from the plaintiff, in addition to the costs already allowed by law upon any discontinuance or other final disposition thereof, prior to answers filed, a counsel fee of at least ten dollars, to be taxed as part of the costs, and to be determined in case of dispute by the court."

This act was also passed to prevent vexatious attachments and visits the attorney fee of $10 upon plaintiff where he discontinues his action or otherwise disposes of it after the garnishee has an attorney enter his appearance and before he has answered.

In the case at bar an answer has been filed, there is no suspicion of oppression on the part of plaintiff, and therefore we cannot visit this fee upon him. The several acts of assembly are calculated to allow an attorney fee to the garnishee in most cases because he is put to that expense through no fault of his own. This case, however, does not quite come within any of them and they must be strictly construed.

The counsel fee is refused but the costs of $9 are directed to be paid from the fund forthwith.